**Javed D. SAMADI, Plaintiff–Appellant,**

**v.**

**OHIO BUREAU OF EMPLOYMENT SERVICES, Mary Carroll, and Dixie Sommers, Defendants–Appellees.**

**No. 01–3266.**

United States Court of Appeals, Sixth Circuit.

Oct. 10, 2002.

Before SILER, COLE and CLAY, Circuit Judges.

SILER, Circuit Judge.

Plaintiff Javed D. Samadi appeals the district court's grant of summary judgment to defendants on his claims for national origin discrimination and retaliation in violation of Title VII, and denial of his

right to equal protection in violation of 42 U.S.C. § 1983. We **AFFIRM.**

## I.

In 1988, Samadi, who was born in Iran and speaks with an Iranian accent, began working for Defendant Ohio Bureau of Employment Services ("OBES") as a programming analyst supervisor. In 1994, OBES posted an opening for the position of Data Systems Assistant Administrator. Samadi applied for it and was granted an interview. Three people, including Defendants Mary Carroll and Dixie Sommers, interviewed him. Ultimately, however, OBES promoted Charles Rockwell to the position instead of Samadi. Samadi does not disagree with OBES's selection of Rockwell.

When Rockwell resigned in 1996, Samadi applied a second time for the position. This time, however, OBES did not grant him an interview and ultimately promoted American-born Ken Healy to the position. Samadi filed a charge with the EEOC soon after, alleging discrimination based on his national origin. He later filed this action in district court, suing OBES for national origin discrimination and retaliation in violation of Title VII, and the individual defendants for violating his constitutional right to equal protection under the law.

The district court granted summary judgment to defendants on all of Samadi's claims. On appeal, Samadi challenges the district court's grant of summary judgment on his discrimination and equal protection claims. He does not mention his retaliation claim.

## II.

This court reviews a district court's grant of summary judgment *de novo*. *See Smith v. Wal–Mart Stores, Inc.*, 167 F.3d 286, 289 (6th Cir.1999). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### A. *Discrimination*

Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... national origin." 42 U.S.C. § 2000e–2(a). In the absence of direct evidence of discrimination, a plaintiff must make his case under the burden-shifting standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this standard, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. This creates a rebuttable presumption of discrimination which requires the defendant to "articulate some legitimate, nondiscriminatory reason" for the challenged action. The plaintiff then bears the ultimate burden of proving that the defendant's proffered reason for the action was a pretext for unlawful discrimination. *See Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 906 (6th Cir.2002) (internal quotation and citations omitted). In order to establish a *prima facie* case of discrimination based on failure to promote, a plaintiff must show that: (1) he is a member of a protected class; (2) he applied and was qualified for a position for which the employer was seeking applicants; (3) he was rejected for the position; and (4) the position ultimately was awarded to someone else outside the protected class. *See Allen v. Mich. Dept. of Corr.*, 165 F.3d 405, 410 (6th Cir.1999); *see also McDonnell Douglas*, 411 U.S. at 802 n. 13, 93 S.Ct. 1817. The district court concluded that Samadi had established a genuine factual dispute as to each element of his *prima facie* case

for discrimination, but had failed to raise a genuine factual dispute as to whether defendants' proffered reasons for selecting Healy over him were a pretext for discrimination. Samadi argues that he has established a genuine factual dispute as to pretext.

We disagree. Defendants contend that they hired Healy because he was more qualified for the position. In particular, they argue that they hired Healy rather than Samadi because he had superior experience or qualifications in the following areas: (1) UNISYS systems; (2) secondary management (*i.e.,* managing other managers); (3) data center management; and (4) preparation of departmental budgets. In response, Samadi arguably has presented facts sufficient to raise a genuine dispute as to whether he had qualifications equal to or exceeding Healy's in data center management and the preparation of departmental budgets. However, Samadi concedes that he had no secondary management or UNISYS experience. The notice advertising the position indicated that 20% of the position consisted of secondary management and that 30% consisted of the administration of a large UNISYS system. In this regard, defendants presented evidence that Healy had several years' experience as a secondary manager, and extensive experience with UNISYS systems. Samadi provides no evidence to suggest why it would have been pretextual for defendants, faced with two candidates with otherwise arguably comparable experience, to chose someone with secondary management experience, an important qualification for the job, over someone who lacked it entirely. Likewise, although Samadi claims that UNISYS may be learned quickly and that defendants previously had filled the position with someone who did not have such experience, these assertions, even if true, do not make it suspicious for defendants to hire someone who had this experience over someone who did not.

Furthermore, "a reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)(emphasis in original). Here, even if defendants' reasons for choosing Healy over Samadi are conceded to be pretextual, Samadi can point to no evidence that the real reason defendants chose Healy was discrimination against Samadi on the basis of his national origin, rather than some other grudge. For all these reasons, we conclude that the district court properly granted summary judgment to defendants on this claim.

B. *Equal Protection*

Samadi argues that his supervisors, Carroll and Sommers, violated his constitutional right to equal protection, as enforced through 42 U.S.C. § 1983. Defendants claim qualified immunity, which requires this court to determine whether a violation of Samadi's constitutional rights occurred on the facts he alleges. *See Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). We conclude that Samadi has not alleged a violation of his equal protection rights because he has not alleged any specific facts that would allow a jury to conclude that defendants' failure to promote him, or any other adverse action taken against him, was motivated by his national origin, as he must to state an equal protection claim. *See Gutzwiller v. Fenik,* 860 F.2d 1317, 1325 (6th Cir. 1988). We therefore uphold the district court's grant of qualified immunity to defendants on this claim.

**AFFIRMED.**